# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **COREY GILBERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Jury Demand |
| | ) |
| | ) No. 1:18-CV-00071 |
| **CORECIVIC, INC., CORRECT CARE** | ) |
| **SOLUTIONS, LLC, CORRECTIONAL** | ) Judge Campbell |
| **HEALTHCARE COMPANIES, INC.,** | ) |
| **WARDEN CHERRY LINDAMOOD,** | ) Magistrate Judge Newbern |
| **CORPORAL MONICA TANNER,** | ) |
| **UNIT MANAGER RYAN LIVINGSTON,** | ) |
| **STG COORDINATOR (F/N/U) INMAN,** | ) |
| **HERBERTO NAVA, TIFFANY SARRATT,** | ) |
| **CHRIS JACKSON, DANNY FRANKS, AND** | ) |
| **JASPER BREWSTER,** | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

### Introduction

This is an action filed by Plaintiff Corey Gilbert, an inmate who was formerly housed at the South Central Correctional Facility in Clifton, Tennessee against the Defendants, both individually and in their official capacities, for acts of excessive force and failure to provide adequate medical care, pursuant to 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

### The Parties

1. Plaintiff Corey Gilbert is an adult male and citizen of the State of Tennessee. Plaintiff Gilbert was formerly housed as an inmate at the South Central Correctional Facility in Clifton, Tennessee.

**EXHIBIT A**

2. Defendant CoreCivic, Inc. ("Defendant CoreCivic") is a Maryland corporation authorized to transact business in the State of Tennessee. At all times relevant to this complaint, it operated South Central Correctional Facility ("South Central") in Clifton, Tennessee.

3. Because Defendant CoreCivic operates a prison housing individuals under confinement by Tennessee's Department of Corrections, it performs a public function traditionally reserved to the state and is therefore subject to suit under 42 U.S.C. § 1983.

4. Defendant CoreCivic is responsible for the establishment of policies, either formally or by custom, and is responsible for the employment, training, supervision and conduct of its officers and employees at South Central.

5. Defendant Correct Care Solutions, LLC ("Defendant CCS") is a for-profit limited liability company organized under the laws of the State of Kansas and authorized to transact business in the State of Tennessee. Defendant CCS has a principal address at 1283 Murfreesboro Road, Suite 500, Nashville, Tennessee 37217. Defendant CCS is the parent company of Defendant Correctional Healthcare Companies, Inc.

6. Defendant Correctional Healthcare Companies, Inc. ("Defendant CHC") is a for-profit corporation located at 448 Second Avenue, North, Nashville, Tennessee 37201. Defendant CHC is a direct or indirect wholly-owned subsidiary of Defendant CCS. At all times relevant to this Complaint, Defendant CHC contracted with South Central to provided medical services to inmates, and supervised and implemented medical care. At all times relevant to the Complaint, Defendant CHC was the direct employer of the medical staff Defendants listed herein.

7. Defendant Cherry Lindamood ("Defendant Lindamood") is an adult citizen of the State of Tennessee, and at all times relevant to this Compliant was the Warden at South Central. Defendant Lindamood is sued both in her individual and official capacities. Defendant Lindamood

established policies, either formally or by custom, and is responsible for the employment, training, supervision and conduct of the officers and employees of South Central, as well as the agents or employees of CorrectCare Solutions, which subcontracted with CoreCivic to provide medical care to inmates at South Central.

7.a. Upon information and belief, Defendant Jasper Brewster is a dentist licensed to provide dental treatment in the State of Tennessee. Defendant Brewster was employed as a dentist at South Central. Upon information and belief, Defendant Brewster was employed by Defendants CoreCivic, CCS and/or CHC.

8. Defendant Monica Tanner is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a shift supervisor at South Central. She is sued in her individual capacity.

9. Defendant Ryan Livingston is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a unit manager at South Central. He is sued in his individual capacity.

10. Defendant (f/n/u) Inman is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as the Security Threat Group Coordinator at South Central. Defendant Inman is sued in his or her individual capacity.

11(a). Defendant Herberto Nava is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a correctional officer at South Central. He is sued in his individual capacity.

11(b). Defendant Tiffany Sarratt is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a correctional officer at South Central. She is sued in her individual capacity.

11(c). Defendant Chris Jackson is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a correctional officer at South Central. He is sued in his individual capacity.

11(d). Defendant Danny Franks is an adult citizen of the State of Tennessee, and at all times relevant to this Complaint, was employed as a correctional officer at South Central. He is sued in his individual capacity.

## Jurisdiction

12. This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 because it involves questions of federal law. Jurisdiction over the state law claims is governed by 28 U.S.C. § 1367.

## Venue

13. Venue is based upon 28 U.S.C. § 1391(b)(1) and (2). All of the events or omissions giving rise to the claims alleged in this action arouse at South Central in Wayne County, Tennessee.

## Facts

14. On or about June 21, 2018, Plaintiff Gilbert was incarcerated at South Central in Clifton, Tennessee.

15. As depicted on the prison's video footage, Plaintiff Gilbert was sitting on his bed in a cell when Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks lined up at his cell door.

16. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks were dressed in "full riot gear."

17. A camera was pointed into Plaintiff Gilbert's cell.

18. Defendant Tanner sprayed "mace" into Mr. Gilbert's cell while Plaintiff Gilbert was sitting on his bed.

19. Plaintiff Gilbert backed up in a fetal position and covered his face and began coughing.

20. Defendant Tanner sprayed mace on Plaintiff Gilbert a second time.

21. Defendant Tanner sprayed mace on Plaintiff Gilbert for a third time.

22. Plaintiff Gilbert went to his door to allow Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks to handcuff him.

23. Plaintiff Gilbert was told to face the back of his cell and get on his knees.

24. Plaintiff Gilbert complied and got down on his knees immediately.

25. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks came into Plaintiff Gilbert's cell and shackled Gilbert's legs in addition to the handcuffs.

26. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks raised Plaintiff Gilbert's torso into the air and let him fall headfirst onto the concrete floor while Gilbert was shackled and handcuffed.

27. Grabbing Plaintiff Gilbert around his shoulders and/or neck, Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks took Gilbert down to the floor and began to hit and/or strike him.

28. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks hit and/or struck Gilbert while in full restraints.

29. Defendant Tanner picked up Plaintiff Gilbert's head and dropped it onto the concrete floor resulting in six (6) of Gilbert's teeth being broken.

30. Plaintiff Gilberts physical injuries included head trauma, multiple blows to his face and forehead, lumps and contusions all over his face and forehead, a red and swollen ear, multiple lacerations to his face, a laceration to his chest, contusions on his abdomen, a swollen left eye and a right eye that was bleeding and six (6) broken teeth.

31. Defendants also inflicted intense fear, anxiety and emotional trauma, injuries and suffering on Plaintiff Gilbert, both during their assault on him on June 21, 2018, and in the days preceding the attack.

32 Plaintiff Gilbert was so traumatized by the Defendants' abuse that, following the attack, he refused to eat anything for 6-8 days due to his loss of appetite and his broken teeth.

33. Plaintiff Gilbert was taken to the medical unit where the nurse on duty looked at him and said, "no injuries."

34. Plaintiff Gilbert filed multiple grievances requesting a solution for this incident.

Grievance # 25928
Grievance # 327261
Grievance # 25891
Grievance # 326882

35. Plaintiff Gilbert received a "disciplinary report" and was taken to the segregation unit where he was denied visitation privileges, the ability to participate in work and/or education activities, the ability to take part in rehabilitation programs and was confined to his cell 23 hours a day.

36. Defendant Brewster did see Mr. Gilbert, and found his teeth to be loose and in need of extraction. Upon information and belief, Defendant Brewster failed or refused to treat Plaintiff Gilbert for his six (6) broken teeth.

37. At the time of the events complained of by Plaintiff Gilbert, the individual Defendants knew that Gilbert was not a direct threat to the physical safety of any person.

38. At the time of the events complained of by Plaintiff Gilbert, the individual Defendants knew that Gilbert did not possess an imminent risk to persons, property, or order within the CoreCivic and/or the South Central Correctional Facility.

39. As a direct and proximate result of Defendants' conduct as described above, Mr. Gilbert has suffered and continues to suffer physical pain and mental anguish.

40. The assault on Plaintiff Gilbert is part of a pattern and practice of excessive use of force against prisoners at South Central by officers, employees and/or agents of CoreCivic. The occurrence of these incidents, which are known or should have been known to Defendant Lindamood, resulted from a policy of defendant CoreCivic, sanctioned by Defendant Lindamood wherein she failed to properly train and/or supervise the correctional officers.

## CAUSES OF ACTION

### Count One
Excessive Force
Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks

41. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as if fully set forth herein.

42. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks are "persons" within the meaning of 42 U.S.C. § 1983.

43. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions and/or omissions were taken under color of state law based on his/her authority and official position as correctional supervisors and/or correctional officers employed by CoreCivic, Inc. and working at the South Central Correctional Facility.

44. The Fourth Amendment to the United States Constitution provides that people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

45. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions or omissions while inside the cell constituted a violation and a deprivation of Plaintiff Gilbert's rights under the Fourth, Eighth and/or Fourteenth Amendments to the United States Constitution.

46. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' assault and/or attack on Plaintiff Gilbert inside the initial cell caused Gilbert to suffer harm and damages.

47. Plaintiff Gilbert pursues this claim for excessive force and/or cruel and unusual punishment pursuant to the Fourth, Eighth and/or Fourteenth Amendments.

48. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions or omissions were made knowingly, intentionally, or with reckless disregard for Plaintiff's rights.

49. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' conduct is actionable under 42 U.S.C. § 1983.

50. As a direct and proximate result of the conduct of Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks, Plaintiff, Plaintiff Gilbert has suffered and will continue to suffer compensable harm.

### Count Two
Excessive Force and/or Failure to Protect
Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks

51. Plaintiff incorporates by reference the allegations of the foregoing paragraphs as though fully set forth at length herein.

52. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks are "persons" within the meaning of 42 U.S.C. § 1983.

53. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions and/or inactions were taken under color of state law based on their authority and official position as correctional officers and employees with CoreCivic, Inc., and employed at South Central in Clifton, Tennessee.

54. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions and/or omissions while inside the South Central Correctional Facility constituted a violation and a deprivation of Plaintiffs rights under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

55. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks used excessive force against the Plaintiff Gilbert, and/or failed to protect Plaintiff from harm.

56. Defendant Tanner failed to protect Plaintiff Gilbert from harm.

57. Defendant Lindamood failed to protect Plaintiff Gilbert from harm.

58. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks observed one another assault, physically attack and/or brutally beat Plaintiff Gilbert, and failed to take any action to stop the attack.

59. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks were aware that the actions or omissions of another correctional officer was unlawful and constituted a violation of the Fourth, Eighth, and/or Fourteenth Amendments of the United States Constitution.

60. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks had a realistic opportunity to do something to prevent harm from occurring to Plaintiff Gilbert, yet failed or refused to take any action.

61. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks failed to take reasonable steps to prevent harm from occurring to Plaintiff Gilbert.

62. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' actions or omissions were made knowingly, intentionally or with reckless disregard for Plaintiff Gilbert's constitution rights.

63. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks' conduct is actionable under 42 U.S.C. § 1983, and caused Plaintiff Gilbert to suffer harm.

64. As a direct and proximate result of the Defendants' conduct, Plaintiff Gilbert has suffered compensable harm.

### Count Three
### Failure to Train/Failure to Supervise
### Defendants CoreCivic and Lindamood

65. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth at length herein.

66. Under the Fourteenth Amendment to the United States Constitution, Plaintiff, Corey Gilbert, has a fundamental right to liberty, which includes the right to be free from physical attack. The unprovoked attack and infliction of excessive physical force on Plaintiff Gilbert by the Defendants violated Plaintiff Gilbert's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

67. The violations of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks acting under color of state law, and by Defendant Lindamood as Warden at South Central, and her failure to properly supervise, train and/or control the correctional officers.

68. The actions of the individual correctional officers, including Defendant Tanner, proximately caused Plaintiff's physical injuries, emotional distress and pain and

suffering. These injuries were inflicted maliciously and sadistically to cause harm and were inflicted with a deliberate indifference to and disregard for Plaintiff's rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983.

69. Plaintiff's physical injuries, emotional distress and pain and suffering were proximately caused by the pattern and practice of Defendants CoreCivic and Warden Cherry Lindamood failing to properly supervise, train and/or control corrections officers at the South Central Correctional Facility.

70. Defendants CoreCivic and Warden Cherry Lindamood pattern and practice of failing to properly supervise, train and/or control its correctional officer and employees in the use of excessive force constitutes deliberate indifference to Plaintiff's safety and wellbeing in violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**Count Four**
Defendants CoreCivic and Lindamood Established or Implemented a Custom or Practice That Caused Defendants Tanner, Nava, Livingston, Sarratt, Jackson and Franks to Violate Plaintiff's Due Process Rights under the 14th Amendment

71. Plaintiff incorporates by reference paragraphs 1 through 70.

72. Under the Fourteenth Amendment to the United States Constitution, Plaintiff Gilbert has a fundamental right to liberty which includes the right to be free from physical attack. The unprovoked attack and infliction of excessive physical force upon Plaintiff Gilbert by Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks violated Plaintiff's substantive due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

73. The violation of Plaintiff' substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendants Tanner, Nava, Livingston,

Sarratt, Jackson, and Franks, acting under color of state law and by Defendants CoreCivic and Lindamood custom and practice of allowing correctional officers to physically and emotionally abuse prisoners at South Central.

### Count Five
<u>Defendants CoreCivic, CorrectCare Solutions and Lindamood Implemented a Custom or Practice Condoning the Denial of Necessary Medical Care to Inmates at South Central in violation of Plaintiff's Due Process Rights under the 14th Amendment</u>

74. Plaintiff incorporates by reference paragraph 1 through 73.

75. Under the Fourteenth Amendment to the United States Constitution, Plaintiff Gilbert has a fundamental right to liberty, which includes the right to be free from the unnecessary and wanton infliction of pain. The denial of medical care by employees of CoreCivic and/or CorrectCare Solutions' staff acting under color of state law amounted to deliberate indifference to serious medical needs of the Plaintiff, and constituted unnecessary and wanton infliction of pain in violation of the Fourteenth Amendment to the United States Constitution.

76. The actions of the individual Defendants acting under color of state law directly and proximately caused Plaintiff Gilbert's physical injuries, emotional distress, and pain and suffering. These injuries were inflicted with a deliberate indifference to and disregard for Plaintiff's rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983.

77. Plaintiff Gilbert's physical injuries, emotional distress and pain and suffering were proximately caused by the custom and practice of Defendants CoreCivic, CorrectCare Solutions and/or Warden Cherry Lindamood to disregard serious medical needs of prisoners in the South Central Correctional Facility amounting to deliberate indifference. Employees, officers and/or agents of CoreCivic, who were under the direct control and supervision of Warden Cherry Lindamood at South Central, as well as medical staff of CorrectCare Solutions,

12

Case 1:18-cv-00071   Document 46   Filed 06/11/19   Page 12 of 19 PageID #: 233

regularly disregard serious medical needs of prisoners at South Central. Said Defendants engage in a custom and practice that encourages the deliberate indifference to serious medical needs of inmates. Given that both CoreCivic and CorrectCare Solutions are for-profit entities, denial and indifference to the serious medical needs of prisoners means less expense resulting in higher profits to the companies. This deliberate indifference and blatant disregard to prisoners' serious medical needs is in violation of the inmate's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

### Count Six
### Defendants CoreCivic, CorrectCare Solutions and/or Lindamood Failed to Provide Adequate Medical Staffing to Competently Deal with Inmates' Medical Needs at South Central in Violation of Plaintiff's Due Process Rights under the 14th Amendment

78. Plaintiff incorporates by reference paragraph 1 through 77.

79. Under the Fourteenth Amendment to the United States Constitution, Plaintiff Gilbert has a fundamental right to liberty, which includes the right to be free from unnecessary and wanton infliction of pain. The failure by Defendants CoreCivic, CorrectCare Solutions and/or Warden Cherry Lindamood to provide adequate medical staffing to competently deal with inmate's medical needs violates Plaintiff Gilbert's rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

80. The violations of Plaintiff's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by Defendants CoreCivic, CorrectCare Solutions and/or Warden Cherry Lindamood's failure to provide adequate medical staffing to competently deal with prisoners, including Plaintiff Gilbert's serious medical needs.

81. Plaintiff Gilbert's physical injuries, emotional distress, and pain and suffering were proximately caused by Defendants' failure to provide adequate medical staffing to competently deal with inmate's medical needs. The custom and practice of Defendants CoreCivic, Correct

13

Care Solutions and/or Warden Cherry Linda mood, who was responsible for the training, supervision and conduct of the agents or employees of Correct Care Solutions, which subcontracted with CoreCivic for medical services at South Central, failed to provide adequate medical staffing which constituted deliberate indifference to Plaintiffs safety in violation of his rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**Count Seven**
Defendants CoreCivic, CorrectCare Solutions and/or Lindamood was Deliberately Indifferent to Plaintiff's Serious Medical and/or Psychological Needs at South Central in violation of Plaintiff's Due Process Rights under the 14th Amendment

82. Plaintiff incorporates by reference paragraph 1 through 81.

83. Under the Fourteenth Amendment to the United States Constitution, Plaintiff Gilbert has a fundamental right to liberty, which includes the right to be free from the unnecessary and wanton infliction of pain. By acting with deliberate indifference Plaintiff Gilbert's serious medical and psychological needs, the above named Defendants violated Plaintiff Gilbert's rights guaranteed by the Fourteenth Amendment of the United States Constitution.

84. The violations of Plaintiff Gilbert's substantive due process rights under the Fourteenth Amendment and 42 U.S.C. § 1983 were caused by the individual Defendants' acting under color of state law.

85. The actions and/or inactions of the individual Defendants acting under color of state law directly and proximately caused Plaintiff Gilbert's physical injuries, emotional distress and pain and suffering. These injuries were inflicted with deliberate indifference to Plaintiff Gilbert's rights secured by the Fourteenth Amendment and 42 U.S.C. § 1983.

**Count Eight**
(Battery)
(Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks)

86. Plaintiff incorporates by reference paragraphs 1 through 85.

87. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks acted with intent to cause Plaintiff Gilbert to suffer serious bodily harm.

88. As alleged above, and while in their custody, Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks inflicted a harmful or offensive contact onto the Plaintiff Gilbert's person. Specifically, Defendant Tanner, after handcuffing and shackling Plaintiff Gilbert, proceeded to grab the Plaintiff, picking up his torso and dropping him face-first onto the concrete floor of his cell multiple times breaking 6 of the Plaintiffs teeth and causing serious injury to his face and neck.

89. Defendants force was excessive by any measure and was without authorization given the fact that Plaintiff Gilbert was fully restrained in handcuffs and shackles and could not, by any means, pose a threat to anyone.

90. The amount of force used on Plaintiff Gilbert was harmful and offensive and outside the scope of any privilege or consent.

91. As a direct and proximate result of the actions and inactions of Defendants, jointly and severally, Plaintiff Gilbert has suffered pecuniary damages, including, but not limited to, loss of wages, loss of earning capacity, medically-related expenses and the cost of replacement services and is entitled to those damages which shall punish and deter defendants from future conduct in conformity with the allegations above.

## **Count Nine**
(Defendant CoreCivic's Failure to Adequately Train/Failure to Supervise)

92. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 91 as though fully set forth herein.

93. The acts and/or omissions of Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks in using excessive force against Plaintiff Gilbert, or failing to prevent the

15

Case 1:18-cv-00071   Document 46   Filed 06/11/19   Page 15 of 19 PageID #: 236

excessive force against Plaintiff Gilbert, were the direct and proximate result of customs, practices, or policies of Defendant CoreCivic of inadequately training and supervising employees and/or agents to prevent the occurrence of unlawful uses of force such as alleged herein and/or failing to promulgate appropriate policies or procedures or take other measures to prevent unlawful uses of force such as alleged herein.

94. As a direct and proximate result of the afore-mentioned customs, practices, policies and/or procedures, or as a result of Defendants' failure to promulgate appropriate policies or procedures, Plaintiff Gilbert has suffered and continues to suffer from the damages alleged herein.

### Count Ten
(Negligence)
(All Defendants – Tennessee Common Law)

95. Plaintiff incorporates by reference the allegations of the foregoing paragraphs 1 - 94 as though fully set forth at length herein.

96. Plaintiff Gilbert's battery claims against Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks are brought against them in their official and individual capacities.

97. The officers' actions were made within the scope of their employment or were criminal, malicious, willful and wanton, or calculated to benefit the employee personally.

98. Defendants owed Plaintiff a duty.

99. Defendants breached their respective duty or duties by allowing their conduct or inaction to fall below the standard of care that it owed to Plaintiff.

100. Defendants breach of that duty proximately caused compensable injury to Plaintiff.

101. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and will continue to suffer compensable harm.

## Count Eleven
(42 U.S.C. § 1983 – Eighth Amendment Cruel and Unusual Punishment)

102. Plaintiff incorporates by reference paragraphs 1 through 101 as if fully set forth herein.

103. On or about June 21, 2018, Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks, employed as correctional officers and in other employment capacities, intentionally or with deliberate indifference inflicted unnecessary and wanton pain upon Plaintiff Gilbert. Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks did thereby deprive Plaintiff Gilbert of his rights as a convicted prisoner under the Eighth and Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983. Specifically, these Defendants violated Plaintiff Gilbert's right to be free from cruel and unusual punishment.

104. The unnecessary and wanton pain and suffering that defendant Defendants Tanner, Nava, Livingston, Sarratt, Jackson, and Franks inflicted upon Plaintiff Gilbert was pursuant to the policies and customs of Defendant CoreCivic, and sanctioned at the highest levels of South Central Correctional Facility including Defendant Cherry Lindamood as Warden of the South Central Correctional Facility.

105. Intentionally or with deliberate indifference, Defendant Cherry Lindamood as Warden of the South Central Correctional Facility permitted, encouraged, and ratified a pattern and practice of unjustified, unreasonable, excessive and punitive use of force at the South Central Correctional Facility.

106. As a result of the conduct of defendants, Plaintiff Gilbert has been caused to suffer physical and emotional injuries and damages, embarrassment, and humiliation, and has been caused to incur medical bills and other expenses, and to lose wages.

## PRAYER FOR RELIEF AND JURY DEMAND

**WHEREFORE,** Plaintiff Corey Gilbert brings this action against the Defendants, jointly and severally, and respectfully prays for the following relief:

1. enter judgment in favor of Plaintiff and against each of the Defendants for compensatory damages, jointly and severally, in the amount of $100,000;

2. for punitive or exemplary damages against each non-entity Defendant, as allowed by law, in the amount up to $500,000;

3. grant injunctive relief ordering CoreCivic Inc. and CorrectCare Solutions to hire additional qualified medical and psychological staff to meet present legal standards;

4. grant injunctive relief ordering CoreCivic Inc. to implement and strictly enforce a policy that prohibits the use of excessive force by correctional officers and their supervisors against inmates in CoreCivic's facilities;

5. grant injunctive relief ordering CoreCivic, Inc. to establish an outside body that hears complaints by prisoners alleging the use of excessive force by correctional officers employed by CoreCivic that has the authority to discipline correctional officers found to have used excessive force against inmates;

6. attorney's fees and expenses;

7. prejudgment interest, and if applicable, post-judgment interest;

8. that a jury be empaneled to try the factual issues in this action; and

9. all further general and equitable relief to which Plaintiff may be entitled.

**THE LAW OFFICE OF DAVID L. COOPER, PC**

<u>        s/David L. Cooper                    </u>
**DAVID L. COOPER, B.P.R. No. 11445**

Third Avenue North Building
208 Third Avenue North
Suite 300
Nashville, TN 37201

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a true and exact copy of the foregoing **Third Amended Complaint** has been delivered by electronic transmission through the Court's CM/ECF system to **James I. Pentecost, Esq. and J. Austin Stokes, Esq.**, PENTECOST, GLENN & MAULDIN, PLLC, 106 Stonebridge Boulevard, Jackson, TN 38305, on this **10th** day of **June 2019**.

<u>*s/ David L. Cooper*                    </u>
**DAVID L. COOPER**